# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIMOTHY ORLAN TREIS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:12-cr-00093-GMN-PAL <br><br> **ORDER** <br><br> (Mtn for Subpoena - Dkt. #16) |

This matter is before the court on Defendant Timothy Orlan Treis' Sealed Ex Parte Motion for Court Order Compelling Production of 911 Calls, Las Vegas Metropolitan Police Reports, Video, Audio, Dispatch Calls, Taped Statements, Results of Field Sobriety Tests as well as Breath and/or Blood Test Results (Dkt. #16) filed May 8, 2012. The court has considered the Motion. This order is not filed under seal because counsel for the Defendant represents in the ex parte application that she requested the discovery at issue from Phillip Smith, Assistant United States Attorney ("AUSA") who agreed to follow-up with the case agent from the United States Postal Service ("USPS") to obtain the requested items. Counsel for Defendant represents that this ex parte application was filed because, after several follow-up requests, Mr. Smith advised her that he could not make the case agent move any faster and that defense counsel could subpoena the 911 call. Where, as here, defense counsel disclosed to counsel for the government that she wanted the requested materials, good cause does not exist to seal the court's order and decision.

## BACKGROUND

The grand jury returned an Indictment (Dkt. #1) against Defendant Treis on March 20, 2012, charging him with one count of Possession of Stolen Mail in violation of 18 U.S.C. § 1708. Mr. Treis made his initial appearance on March 30, 2012, entered a plea of not guilty, and submitted to detention. *See* Minutes of Proceedings (Dkt. #8). Trial is set August 7, 2012. *See* Order (Dkt. #19).

1    The Sealed Ex Parte Motion (Dkt. #16) seeks an order compelling pretrial production of 911 calls, Las Vegas Metropolitan Police Department ("LVMPD") reports, video, audio, dispatch calls, taped statements, results of field sobriety tests, and any breath or blood tests related to a traffic stop conducted by LVMPD of a white Chevrolet Caprice, Nevada license plate 249-VDY–the car Defendant Treis was allegedly driving prior to his arrest in this case.

    Discovery produced by the government in this case indicates that on May 23, 2011, a concerned citizen placed a 911 call to report a possible DUI. *See* LVMPD Arrest Report, attached as Exhibit A to Motion. The caller reported that a white Chevrolet Caprice was stopped in the travel lane, and the occupants appeared to be asleep. *Id.* LVMPD officers responded and found a white Chevrolet with two occupants in the vehicle. *Id.* The driver's head was slumped forward and the passenger was asleep. *Id.* Believing the occupants were drunk, officers removed them from the vehicle. *Id.* The driver identified himself as Defendant Treis and the passenger identified herself as Kendra Schenett. *Id.* Officer Garmendis observed a glass pipe used to smoke methamphetamine near the center console in the front seat. *Id.* Defendant Treis was arrested for possession of narcotics paraphernalia. *Id.* Because Schenett's license was suspended, the vehicle could not be released to her, and it was impounded. *Id.* An inventory search of the car was conducted, and numerous pieces of mail, credit cards in various names, drivers licenses in different names, a box of checks, billing statements, hand tools, a flash light, cylindrical vending machine keys, and a notebook with identification profiles were recovered. *Id.*

    Officers read Treis and Schenett their *Miranda* rights. *Id.* In a recorded statement, Treis said he had become lost in a residential neighborhood, and found the items and mail on the side of the road. *Id.* He said he stowed them in his car because he was going to look through them for money to support his methamphetamine addiction. *Id.* He admitted the methamphetamine pipe was his. *Id.* He told officers he worked as a handyman with his father, and that he collected the vending machine keys but did not use them for criminal activity. *Id.* Officers also discovered a MasterCard with Treis' name imprinted on it. *Id.* Officers ran the card through the U.S. Secret Service credit card database, and it came back as a non-issued credit card number. *Id.* Treis said the card was not his, and he did not know how it got in his pocket. *Id.*

1    The government produced limited discovery, including the LVMPD Arrest Report, on April 11,
2  2012. *See* Receipt of Discovery, attached to Motion as Exhibit B.  On April 13, 2012, defense counsel
3  requested additional discovery from the government, including the 911 call and Defendant Treis'
4  recorded statement. *See* E-mail correspondence, attached as Exhibits C and D to Motion.  When the
5  government had not produced the additional discovery requested by April 30, 2012, defense counsel
6  followed up with Mr. Smith who said she could subpoena the 911 call. This ex parte application
7  followed.

## DISCUSSION

9    Treis seeks to obtain the 911 call initiating the stop, as well as "all reports, video, audio,
10  dispatch calls, tapped [sic] statements, results of Field Sobriety Tests, as well as any breath and/or
11  blood test results regarding the Mary [sic] 23, 2011 traffic stop." Motion at 3:22-24.  Treis asserts the
12  requested items are relevant to a potential challenge to the stop on Fourth Amendment grounds.
13  Additionally, the taped statement "bears directly on Mr. Treis' supposed possession of the mail," and it,
14  along with any recorded statement made by Ms. Schenett "are highly relevant to the crime charged in
15  the Indictment." *Id.* at 5:24-25.

16    Additionally, he argues that any evidence obtained by the subpoenas would be admissible.  The
17  police report is admissible as a public record and pursuant to FRE 803(8).  Statements on a 911 call or
18  dispatch call may be admissible as a present sense impression or excited utterance under FRE 803(1) or
19  (2).  Any video would be admissible because it would "not necessarily constitute hearsay," and no
20  evidentiary rule exists to exclude it if Treis establishes a foundation.

21    **A.    Rule 17**

22    Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in
23  criminal proceedings. Rule 17(c) establishes the process by which federal courts can issue subpoenas
24  duces tecum for the production of evidence before trial.  Rule 17(c)(1) governs the production of
25  documents and objects and provides:

26    > A subpoena may order the witness to produce any books, papers, documents,
     > data, or other objects the subpoena designates.  The court may direct the
27   > witness to produce the designated items in court before trial or before they

28  / / /

>are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*Id*.

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena duces tecum be made returnable *before* trial. Rule 17, however, is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D. D.C. 1954) ("[to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations"). Rule 17(c) may be used to obtain evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Leave of court is required for a pretrial subpoena duces tecum. *United States v. Beckford*, 964 F. Supp. 1010, 1021 & n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena duces tecum prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

>Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

/ / /

/ / /

/ / /

/ / /

### B. Standard for Pretrial Production

The burden is on the party seeking production to show good cause for the production before trial. *Beckford*, 964 F. Supp. at 1022. In *United States v. Iozia*, the district court formulated a standard for establishing good cause for production prior to trial requiring a showing:

> (1) That the documents are evidentiary and relevant;
>
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
>
> (4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952). Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production. *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Miller*, 660 F.2d 563, 565 n. 1. (5th Cir. 1981); *United States v. Stein*, 488 F.Supp.2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F.Supp. 1214 (D.C.N.Y. 1985).

In *Nixon,* the Supreme Court held that the party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity. *Id*. at 700. The burden is on the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994). It is not enough that the documents requested in a Rule 17(c) subpoena duces tecum may have some potential of relevance and evidentiary use. *United States v. Burger*, 773 F.Supp. 1419, 1425 (D. Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon,* 418 U.S. at 700. The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Jackson*, 155 F.R.D. at 667 *(citing United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D. Va. 1993)). The

specificity requirement also prevents a subpoena duces tecum issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221.  Or, as the court noted in *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991), "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."

### C. Ex Parte Applications for Pretrial Production

Rule 17(c) does not contain any language allowing an ex parte application for pretrial production by a defendant without financial means.  Courts are split as to whether a party may make an ex parte application for a pretrial subpoena duces tecum, and the Ninth Circuit has not ruled upon the issue.  Some courts have found that under no circumstance may a party make an ex parte application for a subpoena duces tecum.  *See, e.g.*, *United States v. Fox*, 275 F.Supp.2d 1006, 1012 (D. Neb. 2003) (finding Rule 17(c) does not normally permit ex parte applications for subpoena duces tecum unless the sole purpose of seeking the documents is for use at trial); *United States v. Peterson*, 196 F.R.D. 361, 361-62 (D.S.D. 2000) (Rule 17(c) motion may not be made ex parte where subpoena requests documents be produced prior to trial); *United States v. Finn*, 919 F.Supp. 1305, 1330 (D. Minn. 1995) (same); *United States v. Hart*, 826 F.Supp. 380, 381 (D. Colo. 1993) (court has discretion to allow pretrial production of documents under Rule 17(c) where both parties are permitted to examine documents); *United States. v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991) (scheme of Rule 17 supports congressional intent that compliance with subpoena duces tecum requires notice to opposing counsel).

Other courts have held that a party may make an ex parte application.  *See Beckford*, 964 F.Supp. at 1025-31; *United States v. Daniels*, 95 F.Supp.2d 1160, 1162-63 (D. Kan. 2000) (ex parte applications permissible where source or integrity of evidence would be 'imperiled' or trial strategy disclosed); *United States v. Tomison*, 969 F.Supp. 587, 589-95 (E.D. Cal. 1997) (ex parte applications are generally disfavored, but are permitted in limited circumstances, such as where a subpoena served on third party, and notice would compromise trial strategy).  Further, as the court observed in *United States v. Reyes*:

> There are strong policy reasons in favor of an ex parte procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the *Nixon* standards of specificity, relevance, and admissibility. If a full adversary hearing was required to obtain a subpoena duces tecum, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often defendants who seek a subpoena duces tecum on an ex parte basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

This court agrees with those courts which have found that an indigent defendant should be permitted to make an ex parte application for pretrial production of documents under limited circumstances, such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena duces tecum would compromise defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated. None of these circumstances apply to the current application. Defense counsel requested these materials from government counsel before filing this motion. Advance notice of a subpoena duces tecum, if authorized, would not compromise defense counsel's trial strategy. Defense counsel does not claim that the source or integrity of any potential evidence or that any other constitutionally protected interest of the Defendant would be imperiled by public disclosure.

The proposed form of subpoenas Defendant requests would require the custodians of records of LVMPD Communications Bureau and "Las Vegas Municipal Police Department" to produce the materials described to a designated investigator with the Federal Public Defender's Office in advance of trial and without notice or service of the subpoena on the government. Treis is not entitled to a subpoena for the pretrial production of materials for discovery purposes. He is also not entitled to pretrial production of evidentiary materials without notice or disclosure to opposing counsel. Rule 17(c)(1) plainly provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." *Id*.

The court finds Treis has satisfied his burden under *Iozia* of showing that he is entitled to some of the information he seeks in his Ex Parte Application for the Subpoena Duces Tecum (Dkt. #16). The

court finds that the recording of Treis statement is clearly relevant to the offense charged. The court agrees that pretrial production of the recording will ensure that the trial in this matter is not unreasonably delayed. The government produced the LVMPD arrest report to him in discovery. The court also finds that the other information he seeks, i.e., the results of field sobriety tests, the results of any breath and/or blood test results, Shennett's statement, if any, and any radio transmissions between LVMPD officers and dispatch are relevant to a potential Fourth Amendment challenge of the stop.

However, he has not filed a motion to suppress. Treis knows whether he was in the vehicle or not at the time of the stop. He knows whether he and/or his passenger were asleep in the car as reported. By conferring with her client, defense counsel has the information she needs to evaluate whether a motion to suppress is meritorious. If Treis wishes to challenge the stop he may do so, and if an evidentiary hearing is required to resolve any factual disputes, he may subpoena LVMPD to produce the records he seeks at any evidentiary hearing in this case. In the absence of any showing that a meritorious challenge exists, the court will not order pretrial production of these documents. It is clear from the face of the application that the Defendant wants these materials for discovery purposes. Rule 17(c) is not a discovery device, and it may not be used to expand the scope of discovery the Defendant is entitled to under Rule 16.

For the reasons stated, Treis may not use Rule 17(c) as a discovery device to obtain ex parte pretrial production of documents and recordings. The court will authorize the issuance of a subpoena to the Custodian of Records of LVMPD for the recorded statement taken from Treis, if one exists, to be delivered to the Clerk of the Court at calendar call.

**IT IS ORDERED** that:

1. Treis' Motion to Compel (Dkt. #16) is GRANTED to the limited extent that the court will authorize issuance of a subpoena to the Custodian of Records of LVMPD for the recorded statement taken from Treis to be delivered to the Clerk of the Court at calendar call. The Motion is DENIED in all other respects.
2. Counsel for Treis shall serve the Custodian of Records of LVMPD with a subpoena duces tecum directing the custodian to procure the recorded statement to the clerk of the court at calendar call.

3. The cost of process, fees, and expenses for the witness shall be paid as if subpoenaed on behalf of the government, the court being satisfied that Treis is financially unable to pay the fees and expenses of the witness, and the presence of the witness is necessary to an adequate defense.

Dated this 22nd day of June, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE